56 F.3d 71
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jerry HIGHTOWER, Plaintiff-Appellant,
v.
Tom HOUSE, Deputy Warden, et al., Defendants-Appellees.
 No. 94-15122.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1995.*
Decided May 5, 1995.
 
 Before: WALLACE, Chief Judge, HUG, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry Hightower, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action as frivolous under 28 U.S.C. Sec. 1915(d). We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 This court reviews a district court's dismissal of an action under section 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). This court will affirm the dismissal only if the complaint "lacks any arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 4
 The Eighth Amendment is "not a basis for broad prison reform." Hoptowit v. Ray, 682 F.2d 1237, 1246-47 (9th Cir. 1982). In light of this understanding of the Eighth Amendment, we have recently held that an inmate has "no Eighth Amendment... right to be allowed to choose his cellmate for compatibility, and no facts that [the inmate] could allege will overcome the lack of constitutional basis for" such relief. Allen v. Figueroa, No. 93-15848, slip. op. at 4472 (Apr. 21, 1995). Therefore, the district court did not err in dismissing Hightower's claim that it was a violation of the Eighth Amendment to house him with a cellmate of a different ethnic origin.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We note that although Hightower complained about being disciplined after he objected to his cell assignment, he did not allege, or state any facts to indicate, that he was denied due process during the related disciplinary proceeding